IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SHARON HAGSTROM,<br><br>Plaintiff,<br><br>v.<br><br>STAR PROTECTION AGENCY and ALLIED UNIVERSAL PROTECTION SERVICES,<br><br>Defendants. | Case No. 21-cv-00219-DKW-WRP<br><br>**ORDER (1) GRANTING PLAINTIFF'S IFP APPLICATION AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

On May 4, 2021, Plaintiff Sharon Hagstrom filed a complaint and an application to proceed without paying fees or costs, otherwise called an *in forma pauperis* or "IFP" application. Because the Court finds Hagstrom has demonstrated an inability to pay, her IFP application, Dkt. No. 2, is GRANTED. However, as Hagstrom fails to plead facts establishing each element of her claims, her complaint, Dkt. No 1, is DISMISSED WITH LEAVE TO AMEND.

I. **IFP Application**

Section 1915(a)(1) permits a district court to authorize the commencement of a civil suit without prepayment of fees or security therefor by "a person who submits an affidavit that includes a statement of all assets" and that demonstrates an inability to pay. 28 U.S.C. § 1915(a)(1). That affidavit "must allege poverty

with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1).

Hagstrom alleges she is unemployed and has no source of income or savings of any kind. Dkt. No. 2 at 1–2. Further, due to a lack of income, she has fallen behind on her rent payments and, as a result, has had to move in with her son. *Id.* at 2. Because the Court finds these financial circumstances sufficiently demonstrate Hagstrom's inability to pay costs and fees associated with litigation in federal court, her IFP application, Dkt. No. 2, is GRANTED.

**II.     Complaint**

The Court screens each civil action commenced pursuant to 28 U.S.C. § 1915(a)—*i.e.*, a suit commenced by a plaintiff seeking to proceed *in forma pauperis*—and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting this screen, the Court liberally construes a *pro se* litigant's filings. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Hagstrom claims two employers discriminated against her on the basis of sex, race, and age. They did so, she argues, by creating such hostile work environments that she was forced to leave both employers. Dkt. No. 1 at 5–9, 12. She appears to advance her claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Because Hagstrom fails to plead facts establishing each element of her claims under these statutes, the Court DISMISSES her complaint, but GRANTS LEAVE TO AMEND the complaint to correct the deficiencies discussed below.

A.   **Pleading Standard**

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*,

550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id*. at 679.

### B. Title VII Claims

#### i. Sex-Based Discrimination Claim

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The statutory prohibition extends to the creation of a hostile work environment that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017) (citation and internal quotation marks omitted). "To prevail on a hostile work environment claim, an employee must show that her employer is liable for the conduct that created the environment." *Id.* (citation and internal quotation marks omitted).

To demonstrate a hostile work environment based on sex, a plaintiff must show: "(1) [she] was subjected to verbal or physical conduct of a sexual nature; (2) this conduct was unwelcome; and (3) this conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995)). In determining whether a work environment is sufficiently hostile, the court evaluates the totality of the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002) (citation and internal quotation marks omitted).

As to Defendant Star Protection Agency,[1] Hagstrom makes two factual allegations in support of her claim that she was subjected to a hostile work environment based on her sex. She alleges that a trainer named Al sexually assaulted her. Dkt. No. 1 at 8–9.[2] She also alleges that an employee once engaged her in a sexually explicit conversation. Dkt. No. 1 at 12 (explaining an

---

[1] There appear to be no factual allegations whatsoever—as to this or any other claim—concerning Defendant Allied Universal Protection Services. *See generally* Dkt. No. 1. The Court notes that this may be because the complaint is missing pages. *See id.* at 8 (the page inexplicably begins mid-sentence).

[2] Hagstrom avers she has filed a police report as to this incident. *See* Dkt. No. 1 at 8, 15 (certificate from Honolulu Police Department that a report concerning an assault was filed).

employee discussed with her "the types of women he dates and enjoys sex with"). The remainder of her complaint provides only conclusory statements unsupported by facts. *See, e.g.*, Dkt. No. 1 at 8 (alleging she "was also harassed by male coworkers sexually, they made it so horrible and hard to go to work that I finally left").

These are serious allegations, particularly as they pertain to sexual assault, but they lack factual support. Hagstrom alleges she was sexually assaulted but does not provide information—such as where, when, and how the assault took place—to support the allegation. And while she offers some detail concerning the alleged sexually explicit conversation, this allegation alone cannot make out a prima facie case of hostile work environment. *See Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 687 (9th Cir. 2017) ("isolated incidents (unless extremely serious) are not sufficient to create an actionable claim under Title VII"). Moreover, Hagstrom has failed to plead sufficient facts to support a finding that her employer was "liable for the conduct that created the environment." *See Fuller*, 865 F.3d at 1161. In other words, there are no facts demonstrating how Hagstrom's employer reacted to, created, or fostered the environment in which the alleged sexual assault and harassment occurred.

In sum, Hagstrom has failed to allege a prima facie case of employment discrimination based on sex. Accordingly, that claim is DISMISSED.

### ii. Race-Based Discrimination Claim

The elements of a race-based hostile work environment claim are nearly identical to those for a sex-based claim, except that the harassment must be shown to be motivated by race, rather than sex. *See Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (citation omitted). Similar to *Surrell*, Hagstrom fails to make out a race-based hostile work environment claim because "she presents no evidence that [any] comments [or treatment was] based on race." *See id.* at 1108–09.[3] She makes only conclusory statements as to race-based discrimination: *e.g.*, "I believe I was discriminated against [because I was] Caucasian because it was all males and they were Hawaiian." Dkt. No. 1 at 8. This conclusory statement, unsupported by facts—such as who discriminated against her, how, when, and what indicates the treatment she received was based on her race—is insufficient to state a race-based Title VII hostile work environment claim. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Accordingly, that claim is likewise DISMISSED.

---

[3] Indeed, Hagstrom seems to suggest that she was mistreated not because of her race but because her employer feared she would discover and expose an illegal scheme being carried out at the company. Dkt. No. 1 at 9 (immediately after claiming she was discriminated against because of her race, Hagstrom alleges "I was retaliated against nonstop because they were pulling a scam there and thought I knew.").

7

### C.     ADEA Claim

The ADEA makes it unlawful for an employer "to fail to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  As with Title VII claims, a plaintiff may state a violation of this statute by showing the existence of a hostile work environment.  *Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991), *superceded by statute on other grounds as recognized by Dominguez–Curry v. Nev. Trans. Dist.*, 424 F.3d 1027 (9th Cir. 2005).  "Analysis of a hostile work environment claim is identical under the ADEA and Title VII, except that the harassment must be shown as motivated by age, rather than the protected classes enumerated in Title VII."  *Richardson v. Hilton Resorts Corp.*, 2019 WL 1440248, at *4 (D. Haw. Mar. 29, 2019) (citing *Sischo–Nownejad*, 934 F.2d at 1109).

Unlike Hagstrom's race-based claim—where she at least makes conclusory statements alleging discrimination based on race—she fails to get even that far with respect to age, omitting any facts *or* allegations demonstrating she suffered any adverse comments or treatment because of her age.  *See generally* Dkt. No. 1. Thus, this claim must also be DISMISSED.

## CONCLUSION

Hagstrom's IFP application, Dkt. No. 2, is GRANTED. Pursuant to Section 1915(e)(2)(B) of Title 28 of the United States Code, the Court DISMISSES Hagstrom's complaint, WITH LEAVE TO AMEND all claims. Any amended complaint must include factual allegations demonstrating the mistreatment Hagstrom endured—*i.e.*, the who, what, where, when and how of that mistreatment—as well as what information supports a finding that the mistreatment was due to her sex, race, or age. And Hagstrom must make factual allegations demonstrating her employer was responsible for any hostile work environment to which she was subjected.

Hagstrom may have until May 28, 2021 to file an amended complaint, to the extent allowed herein. The Court cautions Hagstrom that failure to file an amended complaint by May 28, 2021 may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

Dated: May 7, 2021 at Honolulu, Hawai'i.

  

Derrick K. Watson
United States District Judge

*Sharon Hagstrom v. Star Protection Agency and Allied Universal Protection Services*, Civil No. 21-00219-DKW-WRP; **ORDER (1) GRANTING PLAINTIFF'S IFP APPLICATION; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**